OPINION
Defendant-appellant, Terry L. Johnson, appeals from a judgment of the Franklin County Common Pleas Court finding him guilty of felonious assault with a firearm specification.
According to the state's witnesses, on August 20, 1998, Yolanda Bendolph and several members of her family, including, her mother, Elizabeth Whitehead, her nephews, Tony and Tawaun Whitehead and Jawaun Hunter, and her cousin, Margaret Logan, were cleaning apartments for Bendolph's brother. The crew finished cleaning at approximately 3:00 a.m. Following errands related to their cleaning job, at about 4:00 a.m. they went to eat at the White Castle located off of Cleveland Avenue. Bendolph could not go through the outside window because it was blocked, so Bendolph, Tony, Tawaun and Logan entered the White Castle to place an order.
When Bendolph entered she observed defendant with two other males and two females. As defendant and his associates talked among themselves, defendant stated that he "was a Crypt forever. And he said if anybody said anything to him that he was going to hurt them." (Tr. 24.) Logan's order came up first; defendant grabbed it, apparently thinking it was his because he had placed his order first. In a loud voice, Logan told defendant to get his hands off her food. Defendant responded, "who do you think you talking to. And he said something, you must think you're a thoroughbred or something like that." (Tr. 25.)
At that point, Bendolph attempted to intervene. Bendolph pushed Logan out the door, but defendant followed. As Bendolph testified, "I was shoving her out the door. And he hit her and she fell to the ground. And I don't recall what I said to him. But I know he ended up hitting me in the jaw. * * * And my mom stepped out the car and said, what's going on. When she stepped out the car, he hit her in the face. * * * And my nephew said, why did you hit my grandmother. That's when they all started tussling and fighting," (Tr. 26-28) including Tony and Tawaun, defendant, and his two male associates. Defendant threw his car keys to one of the men, who retrieved guns from the car. Defendant and the two men shot at Bendolph's nephews as they ran over a hill. Soon thereafter, the police arrived to find a group of people arguing in the parking lot.
Out of the incident, defendant initially was charged with five counts of felonious assault, each with a gun specification under R.C. 2941.145. In a separate case, he was charged with one count of having a weapon under disability. The cases were consolidated for jury trial, and prior to jury deliberations the state dismissed the two counts of felonious assault related to Elizabeth Whitehead and Yolanda Bendolph. The jury found defendant guilty of felonious assault on Tony Whitehead, not guilty of the charges relating to Tawaun Whitehead and Jawaun Hunter, and guilty of having a weapon under disability. The trial court sentenced defendant accordingly.
Defendant appeals, assigning a single error:
 APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
Defendant's single assignment of error asserts his defense counsel was ineffective in (1) failing to keep defendant's prior record from the jury, (2) not objecting to references to defendant in connection with gang activity, and (3) failing to object to testimony concerning defendant's post-arrest unruly behavior.
In order to prevail on an ineffective assistance of counsel claim, a defendant must meet the two-prong test enunciated in Strickland v. Washington (1984), 466 U.S. 668. Initially, defendant must show that counsel's performance was deficient. To meet that requirement, defendant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Defendant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690.
Next, if defendant successfully proves that counsel's assistance was ineffective, the second prong of the Strickland
test requires defendant to prove prejudice in order to prevail.Id. at 692. To meet that prong, defendant must show counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable. Id. at 687. See, also, State v.Underdown (1997), 124 Ohio App.3d 675, 679. A defendant meets the standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."Id. at 694.
Defendant first challenges counsel's failure to keep defendant's federal drug conviction from the jury. While defendant was indicted on five counts of felonious assault on November 4, 1998, not until December 14, 1998 was defendant indicted on an additional count of having a weapon under disability, based upon defendant's conviction for trafficking in drugs. The second case, assigned to Judge O'Neil, was subsequently consolidated with the first; the same defense counsel represented defendant on both cases.
The record does not reflect that defense counsel attempted to challenge the consolidation so as to prevent defendant's prior conviction from reaching the jury in connection with the felonious assault charges. Nor did defense counsel waive the jury after consolidation on the weapon under disability charge. Although the state contends defense counsel's actions or lack thereof were a strategic decision, the state fails to set forth any plausible strategic reason for defense counsel's tactics. Nor does the record suggest any. Indeed, defense counsel insured that the jury would hear defendant's prior record, as defense counsel stipulated to the prior conviction before the jury. Defense counsel's representation arguably was deficient.
The second prong of Strickland, however, requires that defendant be prejudiced by the inadequate representation. Here, the state presented substantial testimony from several witnesses that defendant committed the acts in the indictment; defendant presented no contrary evidence. Given, in addition, the physical evidence recovered from the scene and from defendant's car, the outcome of the trial probably would not have been different if the prior conviction had not reached the jury. Indeed, the jury's action suggests the jury was able to sort through the evidence, irrespective of defendant's prior record: out of three felonious assault charges presented to it, the jury found defendant guilty of only one count.
Defendant further challenges defense counsel's failure to object to numerous comments regarding the defendant's gang involvement. Specifically, defendant contends that the gang-related testimony was proscribed as "other acts" evidence under Evid.R. 404(B). Under Evid.R. 404(B), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove" a defendant's criminal propensity. Nonetheless, such evidence may be admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." State v.Robb (2000), 88 Ohio St.3d 59, 69.
Here, the witnesses did not testify to specific gang-related acts, but rather noted statements defendant made regarding his gang affiliation. Contrary to defendant's contentions, at least some of the gang-related statements are part of the incident in question. Specifically, Elizabeth Whitehead testified that as defendant was kicking her, he said, "I better learn to respect the Crypt gang." (Tr. 104.) Defendant's statement thus provides a motive for defendant's behavior, not just as to Elizabeth Whitehead but as to all victims, and renders the statement probative and properly admissible. As a result, counsel's failure to object was not deficient. To the extent any other comment regarding defendant's gang affiliation improperly was admitted, defendant sustained no additional prejudice because the information was properly before the jury as a motive for defendant's actions.
Defendant also challenges the prosecution's reference to gang-related testimony during closing arguments. Given the properly admitted testimony noted above, the prosecution's closing argument permissibly argued the evidence.
Finally, defendant challenges counsel's failure to object to descriptions of defendant's unruly behavior and profane language at the time of his arrest. Relying on State v. Renner
(1998), 125 Ohio App.3d 383, defendant contends his behavior at the time of his arrest is irrelevant to the offense of felonious assault. Renner found evidence of Renner's post-arrest conduct was "elicited for the purpose of showing that Renner was of bad character, had a bad attitude toward women, and acted accordingly at the time of the alleged crimes." Id. at 390. The court's rationale was premised, in part, on the prosecution's opening statement that the "police officers would tell the jury about degrading comments Renner had made to the female police officer, and that these comments would be consistent with how Renner had been degrading women all night." Id. at 389.
Here, by contrast, the testimony did not single out defendant, but rather related to all participants. Moreover, even if defense counsel properly should have objected to the testimony, we cannot conclude that the outcome of the trial probably would have been different in the absence of testimony of defendant's conduct subsequent to his arrest, given the substantial evidence against defendant and the evidence of the victims' unruly behavior. Thus, defendant was not prejudiced.
Accordingly, defendant's single assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 __________________________________ BRYANT, PRESIDING JUDGE
TYACK and PETREE, JJ., concur.